IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. 57,769-02




EX PARTE RONALD EARNEST PAYNE, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 2-93-262 IN THE 354TH DISTRICT COURT
FROM ROCKWALL COUNTY




           Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of unauthorized use
of a motor vehicle and sentenced to fifteen years’ imprisonment. 
            Applicant, who was previously released to mandatory supervision, contends that he is
illegally confined in the Harris County Jail pursuant to a pre-revocation warrant. Specifically, he
claims that after a hearing on the pre-revocation warrant, the Board of Pardons and Paroles voted to
continue Applicant on mandatory supervision rather than revoking his conditional release, but he is
still confined pursuant to the same pre-revocation warrant. Applicant has alleged facts that, if true,
might entitle him to relief. Ex parte Spann, 132 S.W.3d 390 (Tex. Crim. App. 2004). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact.
            The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in
that it shall order the Texas Board of Pardons and Paroles to file an affidavit addressing Applicant’s
claim.  The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. C ode Crim. Proc. art. 26.04.
            The trial court shall make findings of fact as to whether Applicant is, in fact, illegally
confined. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 
Filed: January 27, 2010
Do not publish